IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CECIL F. SMITH,                                3:15-cv-00035-BR

             Plaintiff,             OPINION AND ORDER

v.

ICTSI OREGON, INC., an Oregon
corporation,

             Defendant.

**CHARLES ROBINOWITZ**
1211 S.W. Fifth Avenue
2323 Pacwest Center
Portland, OR 97204
(503) 226-1464

**KATHRYN M. PRATT**
18292 S.W. Santoro Drive
Beaverton, OR 97007
(503) 439-1506

        Attorneys for Plaintiff

**TODD A. ZILBERT**
Lindsay Hart LLP
1300 S.W. Fifth Avenue, Suite 3400
Portland, OR 97201
(503) 548-6104

        Attorneys for Defendant


1 — OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#22) for Summary Judgment on Statute of Limitations Defense. For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES** this matter **with prejudice.**

<u>BACKGROUND</u>

On January 7, 2013, Plaintiff stepped into a pothole at the slab yard of Terminal 6 of the Port of Portland in Portland, Oregon, while working as a marine clerk for Jones Stevedoring. As a result of stepping into the pothole, Plaintiff tore his Achilles tendon and missed over six months of work.

At the time of his injury Plaintiff knew Terminal 6 was owned by the Port of Portland and that Defendant ICTSI Oregon, Inc., had leased Terminal 6 from the Port since 2010. Plaintiff also knew ICTSI subleased the slab yard at Terminal 6 to EVRAZ, a steel company. "Responsibility for the maintenance of the pavement at Terminal 6 depends on contracts among ICTSI, the Port of Portland, and other parties." Joint Statement of Agreed Facts (#21) at 2.

Plaintiff's counsel opened a new civil case, paid the fee for filing a complaint, and obtained a case number on January 7, 2015, two years to the day after Plaintiff's injury. Although Plaintiff's counsel attempted to file the complaint on that date,

the complaint was not uploaded on the Court's docket and, therefore, the transaction to docket the First Complaint was not completed on that date.  On January 13, 2015, the Court Clerk notified Plaintiff's counsel that the Court did not receive a complaint on January 7, 2015.  Plaintiff filed his First Complaint (#1) on January 13, 2015.

## **STANDARD**

Summary judgment is appropriate when there is not a "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  *See also* Fed. R. Civ. P. 56(a).  The moving party must show the absence of a dispute as to a material fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  *See also Emeldi v. Univ. of Or.,* 673 F.3d 1218, 1223 (9th Cir. 2012).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and point to "specific facts demonstrating the existence of general issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) "This burden is not a light one . . . .  The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue."  *Id.* (citation omitted).

A dispute as to a material fact is genuine "if the evidence

is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues."  *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.,* No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)).  *See also Moore v. Potter*, 701 F. Supp. 2d 1171 (D. Or. 2010).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller*

*Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id*.

## DISCUSSION

Defendant moves for summary judgment on the basis that Plaintiff' First Complaint (#1) was not filed until January 13, 2015, which was after the two-year statute of limitations. Plaintiff, on the other hand, contends he filed his action within the two-year statute of limitations because (1) the discovery rule applies and a genuine dispute of material fact exists as to when Plaintiff's claim accrued and (2) even if the discovery rule did not apply, Plaintiff's filing of his First Complaint was effective as of January 7, 2015, which was within two years of Plaintiffs's injury.

## I.   Discovery Rule

"A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations." *Albano v. Shea Homes Ltd. Partnership*, 634 F.3d 524, 530 (9th Cir. 2011).  Plaintiff's personal-injury negligence claim, therefore, is governed by Oregon's two-year personal-injury statute of limitations.  *See Or. Rev. Stat.* § 12.110(1).

Under Oregon law "the statute of limitations in a negligence

action does not begin to run until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the identity of the tortfeasor." *Gehrke v. CrafCo, Inc.*, 143 Or. App. 517, 522 (1996). "When a plaintiff in the reasonable exercise of care should have become aware of a substantial possibility that another is responsible for her injury is a question of fact that can be resolved against the plaintiff on summary judgment only if the plaintiff should have achieved that awareness as a matter of law." *Cole v. Sunnyside Marketplace, LLC*, 212 Or. App. 509, 519 (2007). When the identity of the tortfeasor was "inherently discoverable at the time of the incident," however, the discovery rule does not toll the relevant statute of limitations, and the plaintiff must file any action within two years of the injury. *Gehrke*, 143 Or. App. at 524. *See also Cole*, 212 Or. App. at 519.

In *Gehrke* the plaintiff was injured when she tripped over a metal extension of a crafts display at a Ben Franklin Crafts store in Woodburn, Oregon, in July 1992. *Gehrke*, 143 Or. App. at 519. Gehrke filed an action against CrafCo in July 1994 based on the determination of plaintiff's counsel that CrafCo was the owner of the Ben Franklin Crafts store in Woodburn. *Id.* The plaintiff learned during discovery, however, that CrafCo owned the Ben Franklin Crafts store in Springfield, Oregon, but the store in Woodburn was owned by PJDJS. *Id.* at 520. Accordingly,

in January 1995 (two years and six months after the injury) the plaintiff in Gehrke amended her complaint to add PJDJS.  *Id.*

The court concluded the discovery rule did not apply to the facts of the case because the "plaintiff knew or should have known that she had been wronged by the possessor of the store at the time of the fall, even though she did not know whom the possessor was."  *Id.* at 523.  The identity of the tortfeasor was "inherently discoverable" when the plaintiff was injured because at the time of the injury "she knew that the store, regardless of its legal identity, had caused her alleged injury."  *Id.* at 523. The court reasoned "this case does not involve a situation where the store's causal involvement was unknown to plaintiff.  As we have said, the identity of the possessor of the store in Woodburn was inherently discoverable at the time of the incident."  *Id.* at 524.  The *Gehrke* court was concerned that extending the discovery rule to toll the statute of limitations in such circumstances "would mean that the statute of limitations would not begin to run in situations where the cause of the injury was known and the role of the tortfeasor was apparent but there was confusion about who was the proper legal defendant."  *Id.*  Accordingly, the Court concluded Gehrke's claim against PJDJS was barred by the statute of limitations.

The Oregon Court of Appeals again considered the discovery rule in *Cole*.  212 Or. App. 509.  In *Cole* the plaintiff was

abducted from her workplace in a shopping mall and raped on
December 30, 2001. *Id*. at 511.  In February 2003 the plaintiff
sued the mall owner and its property manager alleging they were
negligent in "failing to provide adequate security, including
failing to provide security patrols in the parking lot, designing
the mall without considering certain security hazards, and
failing to provide surveillance cameras." *Id*.  In December 2003
during discovery the plaintiff learned the mall had contracted
with Harbor Security to provide security at the mall. *Id*. at
511-12.  Accordingly, on April 6, 2014, more than two years after
the incident, Cole amended her complaint to name Harbor Security
as a defendant. *Id.* at 512.

The *Cole* court distinguished *Gehrke* because in *Gehrke* "the
plaintiff was actually aware of the store's causal involvement
from the moment of her injury, and the identity of the actual
owner of the store was information that any reasonable person
could have timely acquired." *Id*. at 520.  As to the plaintiff in
*Cole*, however, the court concluded:

> [T]his is not a case in which the relevant facts as to
> Harbor's identity and possible responsibility for
> plaintiff's assault were so obvious at the time of
> plaintiff's injury that the information may fairly be
> said to be "inherently discoverable."  This case is not
> controlled by *Gehrke*, where the plaintiff, at the time
> of her injury, knew the identity of the tortfeasor —
> the store — and simply did not exercise reasonable
> diligence in nailing down accurately the identity of
> the store's owner.  In this case, at the time of her
> injury, plaintiff did not know the identity of the
> tortfeasor — Harbor — at all.  In fact, it is

> undisputed that she did not know that Sunnyside mall
> had contracted with *anyone* to provide security.

*Id.* at 520 (emphasis in original).

Defendant contends the case now before this Court is controlled by *Gehrke*.  In Defendant's view Plaintiff, like the plaintiff in *Gehrke*, knew he had been injured at the time of the incident and knew the party responsible for maintenance of the pavement was responsible for that injury even though he did not know the legal identity of the party responsible for maintaining the pavement.  *See Gehrke*, 143 Or. App. at 523.  Accordingly, Defendant contends the statute of limitations began to run from the moment Plaintiff suffered the injury.

Plaintiff, on the other hand, contends this case is controlled by *Cole* because even though Plaintiff may have known the party responsible for the maintenance of the pavement at the slab yard of Terminal 6 was responsible for his injury, Plaintiff would have to examine the contracts between Defendant, the Port of Portland, and EVRAZ in order to determine the identity of that party.  Accordingly, Plaintiff contends the identity of the tortfeasor was not inherently discoverable at the time of the accident, and, therefore, a genuine dispute of material fact exists as to when Plaintiff discovered or reasonably should have discovered ICTSI was the proper party to sue.

Although the application of the holdings in *Gehrke* and *Cole* is arguable on these facts, the Court agrees with Defendant's

9 — OPINION AND ORDER

analysis and concludes *Gehrke* controls this case.  Like the
plaintiff in *Gehrke*, Plaintiff here knew as a general matter who
the responsible party was at the time of the injury (*i.e.*, who
was responsible for maintaining the pavement).  Although
Plaintiff did not know the legal identity of the party
responsible for the maintenance of the pavement at the time of
the injury and it would have required some research to learn that
identity, these facts not differentiate Plaintiff from the
plaintiff in *Gehrke* who also had to conduct research in order to
determine the identity of the possessor of the store.  *See
Gehrke*, 143 Or. App. at 519.  In fact, Plaintiff in this case
knew more than the plaintiff in *Gehrke* because it is undisputed
that Plaintiff knew at the time of the injury that the liable
party was one of three possible parties:  the Port of Portland,
ICTSI, and/or EVRAZ.

     *Cole*, on the other hand, is distinguishable from these
facts.  Unlike Plaintiff in this case and the plaintiff in
*Gehrke*, the *Cole* plaintiff was unaware there was any firm
contracted to provide security at the mall.  The *Cole* court
distinguished *Gehrke* on this basis when it noted:  "[I]t is
undisputed that [Cole] did not know that Sunnyside mall had
contracted with *anyone* to provide security."  *Cole*, 212 Or. App.
at 520.  Accordingly, the *Cole* court found "Harbor's identity and
possible responsibility for plaintiff's assault" were not "so

10— OPINION AND ORDER

obvious at the time of plaintiff's injury that the information may fairly be said to be 'inherently discoverable.'" *Id.* As noted, however, Plaintiff in this case knew who the responsible party was as a general matter (*i.e.*, the party responsible for maintaining the pavement) and knew that the Port of Portland, Defendant, and/or EVRAZ would be the responsible party.

Accordingly, this Court is bound by *Gehrke* because the facts of this case are not materially distinguishable from *Gehrke*. As in *Gehrke*, the Court concludes the identity of the tortfeasor was inherently discoverable to Plaintiff at the time of the injury. To hold otherwise would permit the legal result that the *Gehrke* court explicitly foreclosed: "the statute of limitations would not begin to run in situations where the cause of the injury was known and the role of the tortfeasor was apparent but there was confusion about who was the proper legal defendant." *See Gehrke*, 143 Or. App. at 524.

On this record, therefore, the Court concludes the two-year statute of limitations began to run on January 7, 2013, and expired on January 7, 2015.

## II. Effectiveness of Plaintiff's January 7, 2015, Attempt to File his Complaint

Plaintiff contends he "filed" his case for purposes of the statute of limitations on January 7, 2015, when he paid the filing fee and obtained a civil case number even though the First

Complaint (#1) was not actually filed.

Plaintiff's contention, however, is contrary to the plain meaning of Oregon law relevant to statutes of limitations, which provides "an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant." *Or. Rev. Stat.* § 12.020(1).  As noted, Plaintiff actually filed his First Complaint (#1) on January 13, 2015, six days after the statute of limitations expired on January 7, 2015.

Accordingly, on this record the Court concludes Plaintiff's claim against ICTSI is barred by the two-year statute of limitations in Oregon Revised Statute § 12.110(1).

## CONCLUSION

For these reasons the Court **GRANTS** Defendant's Motion and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 2nd day of March, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge